

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 16, 1991

Honorable John Whitmire
Chairman
Intergovernmental Relations Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. DM-17

Re: Whether the Houston Metropolitan Transit Authority may meet in closed session to review bids for a proposed rail system (RQ-32)

Dear Senator Whitmire:

You inquire about the application of the Open Meetings Act, article 6252-17, V.T.C.S., to the Houston Metropolitan Transit Authority (METRO). You ask whether METRO has authority to meet in private to review bids for a proposed rail system.

A metropolitan rapid transit authority is required to hold its meetings pursuant to the Open Meetings Act. V.T.C.S. art. 1118x, § 4(g). The Open Meetings Act provides in part:

> Except as otherwise provided in this Act or specifically permitted in the Constitution, every regular, special, or called meeting or session of every governmental body shall be open to the public.

V.T.C.S. art. 6252-17, § 2(a).

A meeting is defined as

> any *deliberation* between a quorum of members of a governmental body, or between a quorum of members of a governmental body and any other person, at which any public business or public policy over which the governmental body has

supervision or control is discussed or considered, or at which any formal action is taken.

*Id.* § 1(a) (emphasis added). "Deliberation," including deliberation leading to formal action, is thus a key element of a meeting that is subject to the Open Meetings Act. *See* Attorney General Opinions H-772 (1976); H-438 (1974); H-238 (1974). This term is defined as

> a verbal exchange during a meeting between a quorum of members of a governmental body, or between a quorum of members of a governmental body and any other person, concerning any issue within the jurisdiction of the governmental body or any public business.

*Id.* § 1(b).

Thus, if a quorum of members of the METRO board engages in deliberations as defined by the above provision, it will be subject to the Open Meetings Act. A board may not deliberate in private about an issue within its jurisdiction, or any public business, unless a closed session or meeting is authorized by section 2 of the Open Meetings Act. In addition, the board must first convene in an open meeting for which notice has been given as provided by section 3A of the act, and the presiding officer must publicly announce that a closed session will be held and must identify the section or sections of the act authorizing the closed session. *See also* V.T.C.S. art. 1118x, § 4(g).

The requirements of the Open Meetings Act do not apply when a quorum of a governmental body merely assembles in the same room without engaging in deliberations. *See, e.g.,* Attorney General Opinion JM-1127 (1989). Thus, a quorum of a governmental body may assemble as an audience at the meeting of another entity without being subject to the requirements of the act. *See id.* A quorum of board members may receive information from and ask questions of staff members at an orientation or briefing session without being subject to the Open Meetings Act, as long as board members do not engage in discussion among themselves. Attorney General Opinion JM-1058 (1989); *see also* Attorney General Opinions JM-640 (1987) (licensing board may conduct oral examinations of applicants, asking questions and listening to answers, without being subject to requirements of act);

JM-248 (1984) (trustees of Employees Retirement System receiving information from "particular individuals"); *cf.* Attorney General Opinion H-785 (1976) (breakfast meetings of commissioners court are subject to Open Meetings Act unless they are purely social in nature and involve no discussion of public business). In asking questions of the persons who address the board in a briefing session, board members must avoid engaging in deliberations by means of addressing remarks intended for one another to the persons providing the briefing. *See* Attorney General Opinion JM-1127.

A letter from the general counsel of METRO, which you submitted with your request letter, describes an executive session meeting of the METRO board on proposals submitted in response to its Request for Proposals for a Fixed Guideway Transit System. The letter states that the meeting was conducted pursuant to section 2(r)[1] of the Open Meetings Act, which provides as follows:

> Nothing in this Act shall be construed to require a quorum of the members of a governmental body to confer with an employee or employees of the governmental body in an open meeting where such conference is for the sole purpose of receiving information from the employee or employees or to ask questions of the employee or employees; provided, however, that no discussion of public business or agency policy that affects public business shall take place between the members of the governmental body during the conference.

A prior opinion of this office has interpreted this provision as removing the conferences it describes from the coverage of the act. Attorney General Opinion JM-1058. Thus, a briefing session as described by section 2(r) is not subject to the notice or other procedural requirements of the Open Meetings Act. Section 2(r) codifies in part the decisions of this office holding that deliberation among the members of a governmental body is an essential element in the definition of "meeting" under the Open Meetings Act, and that if deliberations do not occur, there is no meeting subject to the requirements of the act.

---

[1]As added by Acts 1987, 70th Leg., ch. 549, § 2.

The letter from METRO's general counsel describes section 2(r) as authorizing a public body to confer with staff for the purpose of receiving information, provided that no discussion of public business or agency policy that affects public business takes place between the members of the governmental body during the conference. The letter continues as follows:

> [T]he contents of the meeting were in fact strictly 'informational.' No decisions of any kind were made by the Board in the meeting, nor were there any proposed decisions even discussed. The presentations by the RFP proposers were part of this information gathering process and were designed to provide each proposer the opportunity to present information which it claimed to be proprietary to all Board members at once.

This office cannot investigate fact questions or resolve disputed questions of fact in the opinion process. *See, e.g.*, Attorney General Opinions M-307 (1968); O-3382 (1941). We can state the legal consequences that will flow from certain events. If the METRO board members did no more than receive information from proposers and staff members, ask questions and listen to the answers, and did not discuss the information or other matters of public business among themselves, then they were not participating in a meeting subject to the Open Meetings Act. On the other hand, if the board members actually discussed the proposals among themselves, section 2(r) did not authorize the board to hold a closed session for such deliberations. *See also* Attorney General Opinions JM-595 (1986) (governmental body is not authorized by section 3(a)(11) of Open Records Act to discuss selection of competitive bidders in closed session); MW-129 (1980) (governmental body must meet in open session to hire independent contractors).

## SUMMARY

> The board of Houston Metropolitan Transit Authority was not participating in a meeting subject to the Open Meetings Act, article 6252-17, V.T.C.S., if it met in a closed session to receive information and ask questions of staff and companies that responded to its request for proposals for a proposed rail system and did not engage in any discussion of any matter of public business among board members. Section 2(r) of the Open

Meetings Act does not authorize the board to hold a closed meeting to engage in a discussion among the board members about the proposals.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General